_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

JUN 2 5 2007

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                        DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

IN RE ALLEGHENY ENERGY, INC.   )
SECURITIES LITIGATION   )
_____ )   MASTER FILE NO: 03-MD-1518
   )
THIS DOCUMENT RELATES TO THE )
CONSOLIDATED ERISA MATTER   )
_____ )

### ORDER AND FINAL JUDGMENT

This action came on for a final hearing, held on May 31, 2007, on a proposed settlement (the "Settlement") of this class action (the "Action" or the "Consolidated ERISA Matter") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement dated December 20, 2006 (the "Agreement").

The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Agreement as its Judgment, and orders that the Agreement shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiffs are asserting, among others, claims on behalf of the Plan to recover losses alleged to have occurred as a result of a breach of fiduciary

duty pursuant to ERISA § 502(a)(2).  *See Mass Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985).

The Court determines that the Settlement, which includes the payment of $4,000,000.00 on behalf of Defendants (less any fees and expenses Defendants caused to be paid to an Independent Fiduciary), has been negotiated vigorously and at arm's length by Plaintiffs and Class Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class.  The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiffs and the Settlement Class and that the Plan does not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement, arrangement or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, Plan Participants, and Beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b).  Further, the Court finds that, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a),

such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. Such notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement to all persons entitled to such notice, and such notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the class being defined as follows:

> All persons who were participants in, or beneficiaries of, the Plan at any time between March 16, 2001 and December 20, 2006 (the "Class Period"), except for Defendants in this Action, and any legal representatives, heirs, predecessors, and assigns of Defendants.

Such a class meets the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23.

The Court hereby dismisses the Consolidated ERISA Complaint and the Consolidated ERISA Matter against all Defendants with prejudice on the merits based on the Settlement.

As of the date of Complete Settlement Approval and payment of the Settlement Amount (as defined in the Agreement), the Plaintiffs, the Plan, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents,

employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The litigation and notice expenses incurred by Class Counsel in the course of prosecuting this action are reasonable.  Accordingly Class Counsel is awarded expenses in the amount of $29,500.62, to be paid from the Settlement Fund.

The attorney fees sought by Class Counsel in the amount of $900,000, twenty-two and one-half percent (22.5%) of the common fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases.  Accordingly, Class Counsel is awarded attorney fees in the amount of $900,000, twenty-two and one-half percent (22.5%) of the common fund established in this Action net of the expenses awarded herein.

Accordingly, Plaintiffs are awarded attorney fees in the amount of $900,000.00.

Class Counsel's request for a Case Contribution Award for Named Plaintiff Sharon Keesecker in the amount of Two Thousand Five Hundred Dollars ($2,500.00) in recognition of her efforts in assisting in the prosecution of this Action is hereby granted. Accordingly, the foregoing Named Plaintiff is hereby awarded a Case Contribution Award of $2,500.00 from the Settlement Fund.

The Plan of Allocation for the Settlement Fund established pursuant to Paragraph 26 of the Agreement is approved as fair, reasonable and adequate.

The Court finds that the payment and distribution of the Settlement Amount, as allocated in the Agreement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this _____ 25th _____ day of _____ June _____, 2007.

_____

United States District Court Judge

Submitted _____, 2007